IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KENT MURPHY                                                                                               PLAINTIFF

vs.                                           Civil No. 2:12-cv-02006

MICHAEL J. ASTRUE                                                                                    DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Kent Murphy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.    Background:**

Plaintiff protectively filed his DIB application on August 16, 2010. (Tr. 10). In this application, Plaintiff alleges he is disabled due to heart problems, depression, and high blood pressure. (Tr. 139). Plaintiff alleges an onset date of April 1, 2009. (Tr. 10). This application was denied initially and again on reconsideration. (Tr. 54-55).

Thereafter, on February 17, 2011, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 67-84). An administrative hearing was held

1

on August 16, 2011 in Fort Smith, Arkansas. (Tr. 22-53). At the administrative hearing, Plaintiff was present and was represented by Kevin Barum. *Id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 25). Plaintiff also testified at the administrative hearing that he had completed high school and also had completed some college. (Tr. 25).

On September 22, 2011, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 10-17). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 1, 2009, his alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: coronary artery disease status post four-vessel coronary artery bypass graft. (Tr. 12-14, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

The ALJ evaluated Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 14-16, Finding 5). In making this evaluation, the ALJ first considered Plaintiff's subjective complaints and found they were not credible to the extent he alleged. *Id.* Second, the ALJ found Plaintiff retained the capacity for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c).

*Id.* "Medium work" is defined as follows:

> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying objects weighing up to 50 pounds. If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work.

20 C.F.R. § 404.1567(c).

Next, the ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 16, Finding 16). The ALJ found Plaintiff's PRW included work as an auto mechanic. *Id*. Considering his RFC, the ALJ determined Plaintiff retained the capacity to perform his PRW as an auto mechanic, both as he actually performed it and as it was performed in the national economy. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 1, 2009 through the date of his decision or through September 22, 2011. (Tr. 16, Finding 7).

On October 26, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4-5). On November 8, 2011, the Appeals Council declined to review this disability determination. (Tr. 1-3). On January 5, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In the present matter, Plaintiff is proceeding *pro se*. Thus, this Court will evaluate the issues he has raised and will also consider in conjunction with those arguments whether the ALJ's unfavorable disability determination is supported by substantial evidence in the record.

In his briefing, Plaintiff first argues his attorney was "completely incompetent" during the administrative hearing in this matter. ECF No. 13. In making this argument, it appears Plaintiff is alleging that by not asking specific questions regarding his impairments at the administrative hearing, his attorney did not properly develop the record in this case. *Id.* However, in a social security case, even when a claimant is represented by counsel, the ALJ has the duty to fully and fairly develop the record. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). Thus, Plaintiff's attorney was not required to develop the record in this case.

Alternatively, even if his attorney were required to develop the record (including question Plaintiff during the administrative hearing in this matter), the record from the administrative hearing appears to be fully developed. The transcript from the administrative hearing in this case was over thirty pages. (Tr. 22-53). During that hearing, Plaintiff was questioned, and Plaintiff was given more than ample time to present all of this claims and alleged impairments. (Tr. 22-53). Thus, it appears his attorney did properly represent him at the administrative hearing in this matter.

Further, it is worth nothing that the Court has also reviewed the administrative transcript and finds the ALJ thoroughly and completely developed the paper record in this case. This record

contains over nine hundred pages. In addition to Plaintiff's treatment records, the ALJ also ordered several consultative examinations. One consultative evaluation was an internal medicine evaluation completed by the California Care Medical Group. (Tr. 264-269). Dr. Bryan H. To, M.D. conducted that examination and found Plaintiff was able to lift fifty pounds occasionally and twenty-five pounds frequently. (Tr. 268). Another consultative evaluation was a psychiatric evaluation. (Tr. 273-276). Dr. Ernest A. Bagner, III, M.D. performed this evaluation and, as outlined in additional detail below, found Plaintiff had "no limitations interacting with supervisors, peers and the public or completing simple tasks." (Tr. 276). Based upon these records, the Court finds no basis for reversing this case based upon Plaintiff's claim that his attorney did not develop the record.

Second, Plaintiff argues a letter from his physician supports his claim that he is unable to work. ECF No. 13. Plaintiff claims this letter states he is "unable to hold a job due to severe angina." *Id.* Plaintiff claims his attorney did not provide this letter to the ALJ. *Id.* Having reviewed the transcript in this case, it appears the "letter" Plaintiff references is from La Clinica Cristiana and is dated July 15, 2011. (Tr. 342). This letter is written on a prescription slip and states as follows: "Kent Murphy has severe angina of minimal effort, uncontrolled HBP & diabetes. He is on multiple medicines. Today his BP is 160/120 and glucose [ineligible]. He has had prior coronary bypass grafting. I do not consider him to be able to be employed." *Id.* Based upon the transcript, it appears this finding of disability is based upon two different offices visits: (1) December 17, 2010 and (2) February 18, 2011. (Tr. 342-345). It is important to first note that these office visits do not establish that the physician at this clinic was his *treating physician*. Thus, the ALJ did not err in declining to give deference to this opinion. *See* 20 C.F.R. § 404.1527(c)(2) (recognizing that only the opinion of a treating physician is potentially entitled to deference).

Further, even if Plaintiff is correct in his claim that his attorney did not provide this letter to the ALJ, the ALJ still received it from some source. Indeed, the ALJ fully discussed, and discounted, the letter from the La Clinica Cristiana in his decision. (Tr. 16). The ALJ discounted it for the following reasons:

> The undersigned has also evaluated the medical source statement provided by Maron Landers, M.D., at La Clinica Cristiana, who on July 15, 2011, wrote that the claimant had severe angina [with] minimal effort, uncontrolled high blood pressure and diabetes. He was on multiple medicines and had had prior coronary artery bypass grafting. Dr. Landers opined that the claimant was not able to be employed. (Exhibit 15F). While the undersigned is required to consider all doctors' opinion, the undersigned cannot give Dr. Landers' opinion significant weight, as the record does not establish him as a treating physician, as this note is the only record provided from this clinic. Furthermore, Dr. Lander's opinion that the claimant is disabled is considered as an opinion on an issue reserved to the commissioner as required by 20 CFR 404.1527(e) and SSR 96-6p and is given no weight in that regard.

*Id.* Because the ALJ did receive and fully consider this letter, the Court finds Plaintiff has offered no basis for reversal on this issue.[1]

Third, Plaintiff claims his attorney failed to reference the time he "spent a week in jail for attacking someone." ECF No. 13. Plaintiff claims this incarceration supports his allegation of disability because he has allegedly uncontrollable rage issues. *Id.* Although it is unclear when this incarceration actually took place, Plaintiff very thorough addressed his claims regarding his rage and his desire to hurt himself at times and hurt other people at other times. (Tr. 22-53). Any additional documentation on this issue would be duplicative.

Fourth, Plaintiff provides several specific examples of his alleged problems with rage. ECF

---

[1] In making his finding, the ALJ stated this letter was the "only record provided from this clinic [La Clinica Cristiana]." (Tr. 16). Based upon the Court's review of the transcript in this case, this appears to be incorrect because there are two other treatment notes (referenced above) included in the record. However, the ALJ's mistake on this issue is not harmful because these records still do not establish this doctor was Plaintiff's treating physician.

7

No. 13.  Plaintiff claims he has attacked people, has extreme road rage, and he goes "into a rage" when he gets upset.  *Id.*  Plaintiff also claims he "is single" and stays in his room because he's afraid he "will hurt someone."  *Id.*  Finally, Plaintiff alleges he cannot take his own medications and is a "self punisher."  *Id.*  Plaintiff has not referenced any medical records that support his claim.  ECF No. 13.  Upon review, Plaintiff's claims are not supported by the record.

In the transcript in this matter, Plaintiff was evaluated by California Care as a part of a consultative psychiatric evaluation.  (Tr. 273-276).  During that evaluation, Plaintiff was assessed at Axis I as having a mood disorder (not otherwise specified), but at Axis V, he was assessed as having a GAF score of 65.  *Id.*  Such a score is indicative of only "mild symptoms."  Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

Plaintiff's *own statements* also contradict the claims he has made in his briefing.  He reported in his Function Report that he supplied to the SSA that he performs the following daily activities: "Make breakfast watch TV till noon eat lunch run errands if none I go for a walk around complex. (on hot days I go to a movie to stay cool.)  Eat dinner take my meds go for an evening stroll watch TV take a shower go to bed."  (Tr. 145).  He also reported no personal care problems.  (Tr. 146).  He reported living with his girlfriend.  (Tr. 145).  He also reported visiting old friends, having his kids stay with him, and connecting with friends on Facebook a few times a week.  (Tr. 149).  Plaintiff reported he gets along "very well" with authority figures because he is "not hard headed.  don't like drama & confrontation."  (Tr. 151).  He reported he has never been terminated from a job because he was unable to "get along with other people."  *Id.*  All of these facts indicate Plaintiff leads a relatively normal lifestyle and is able to function in society.  These facts also provide substantial evidence for the ALJ's finding that Plaintiff's alleged mental impairments (including rage) are not disabling.  Thus,

the Court finds the ALJ properly evaluated Plaintiff's claim that his rage causes him to be disabled, and Plaintiff has offered no basis for reversal on this issue.

Fifth, Plaintiff alleges he has additional medical records dated subsequent to the hearing in this matter that demonstrate he is disabled. ECF No. 13. Based upon a review of the transcript in this case, Plaintiff did not include these documents as a part of the record in this case, and he did not submit them to the Appeals Council. Plaintiff also did not submit them to the Court. Even if he had submitted them, because this is a record review, the Court is not permitted the consider the substance of these medical records. *See* 42 U.S.C. § 405(g). Because this additional evidence cannot be considered, the only potential remedy is to remand this case for additional findings by the SSA. A remand in this case is only allowed for "additional evidence to be taken before the Commissioner of Social Security" if there is "a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *See* 42 U.S.C. § 405(g). Here, there has been no showing of "good cause" for the failure to incorporate these records into the transcript after the hearing in this matter. Further, there has been no showing that this is "material" evidence. Accordingly, the Court finds these additional medical records do not merit a remand.

4. <u>Conclusion</u>:

Based upon the foregoing, the Court finds the ALJ's disability determination is supported by substantial evidence in the record and recommends this case be **AFFIRMED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 26th day of October 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE